UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTINE H.,

            Plaintiff,                      **DECISION AND ORDER**

      v.

                                              6:21-CV-06291 EAW

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.
_____

## INTRODUCTION

Represented by counsel, plaintiff Christine H. ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 8; Dkt. 9), and Plaintiff's reply (Dkt. 10). For the reasons discussed below, the Commissioner's motion (Dkt. 9) is granted and Plaintiff's motion (Dkt. 8) is denied.

## BACKGROUND

Plaintiff protectively filed her applications for DIB and SSI on January 11, 2018. (Dkt. 7 at 22, 109-10).[1] In her applications, Plaintiff alleged disability beginning January 7, 2018. (*Id.* at 22, 102). Plaintiff's applications were initially denied on April 19, 2018. (*Id.* at 22, 109-10). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Matthew Kuperstein in Rochester, New York, on March 10, 2020. (*Id.* at 22, 42-88, 121). On April 10, 2020, the ALJ issued a partially favorable decision. (*Id.* at 18-41). Plaintiff requested Appeals Council review; her request was denied on February 5, 2021, making the ALJ's determination the Commissioner's final decision. (*Id.* at 5-10). This action followed.

## LEGAL STANDARD

**I.     District Court Review**

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept

---

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.   Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a

finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id*. §§ 404.1509, 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted).

**DISCUSSION**

I. **The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920. Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2022. (Dkt. 6 at 25). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since January 7, 2018, the alleged onset date. (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: "chronic obstructive pulmonary disorder, asthma, cervical disc degeneration and lumbar degeneration with lumbar radiculopathy, peripheral vascular disease, post-traumatic stress disorder, depression, and anxiety." (*Id.*).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 25-26). The ALJ particularly considered the criteria of Listings 1.04, 3.02, 3.03, 4.00, 12.04, 12.06, and 12.15 in reaching his conclusion. (*Id.* at 25-27).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following additional limitations:

> [Plaintiff has] limitations to lifting and or carrying 20 pounds occasionally and 10 pounds frequently; to standing and or walking for six hours in an eight hour workday; to sitting for six hours in an eight hour workday; and to work involving only simple routine and repetitive tasks.

(*Id.* at 27). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (*Id.* at 32).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that prior to March 10, 2020, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of assembler, office helper, and marker. (*Id.* at 34-35). The ALJ further concluded that as of March 10, 2020, the date on which Plaintiff became an individual of advanced age as defined in the Commissioner's regulations, Plaintiff became disabled as defined in the Act. (*Id*. at 35).

## II.     The Commissioner's Determination is Supported by Substantial Evidence and Free from Legal Error

Plaintiff asks the Court to reverse or, in the alternative, remand this matter to the Commissioner, arguing that (1) the ALJ abused his discretion in refusing to admit certain evidence pursuant to the "five-day rule," and (2) the ALJ failed to incorporate limitations identified by nurse practitioner ("NP") Elizabeth Rowe, despite finding her opinion partially persuasive. (Dkt. 8-1). The Court has considered these arguments and, for the reasons discussed below, finds them without merit.

### A.     Application of the Five-Day Rule

The five-day rule is found at 20 C.F.R. §§ 404.935 and 416.1435 and states:

> (a) When you submit your request for hearing, you should also submit information or evidence as required by § 404.1512 or any summary of the evidence to the administrative law judge. Each party must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence, as required in § 404.1512, no later than 5 business days before the date of the scheduled hearing. If you do not comply with this requirement, the administrative law

judge may decline to consider or obtain the evidence, unless the circumstances described in paragraph (b) of this section apply.

(b) If you have evidence required under § 404.1512 but you have missed the deadline described in paragraph (a) of this section, the administrative law judge will accept the evidence if he or she has not yet issued a decision and you did not inform us about or submit the evidence before the deadline because:

> (1) Our action misled you;
>
> (2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or
>
> (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier.  Examples include, but are not limited to:
>
>> (i) You were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative, or other person;
>>
>> (ii) There was a death or serious illness in your immediate family;
>>
>> (iii) Important records were destroyed or damaged by fire or other accidental cause; or
>>
>> (iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing.

*See* 20 C.F.R. §§ 404.935; 416.1435.  "A decision by an ALJ to exclude evidence under this provision is reviewed for abuse of discretion."  *Janet R. v. Comm'r of Soc. Sec.*, No. 1:19-CV-1100 CJS, 2021 WL 1054369, at *5 (W.D.N.Y. Mar. 19, 2021).

In this case, Plaintiff's representative attempted to submit at the hearing a three-page document entitled "Verification of Medicaid Transportation Abilities" completed by Dr. Seung Hur on February 15, 2019.  (Dkt. 7 at 45-46, 90-92).  When the ALJ inquired

about the failure to submit this document earlier, Plaintiff's representative indicated that Plaintiff had "just found it." (*Id*. at 45). The ALJ stated that he did not see good cause for the delay in submission and that he also did not see the document as "pertinent as far as to help [him] better understand the limitation that [Plaintiff] has[.]" (*Id*.). In his written decision, the ALJ reiterated that he had declined to admit the evidence because Plaintiff's "representative did not provide good cause for submission of late evidence." (*Id*. at 22).

Plaintiff argues that the ALJ abused his discretion in refusing to admit this document because "it does not appear that the ALJ even thoroughly reviewed the document." (Dkt. 8-1 at 13). Plaintiff argues more particularly that the ALJ cannot have thoroughly reviewed the document, or he would have been constrained to conclude that it would be helpful to his determination. (*Id*.). Plaintiff notes that the document contains statements from Dr. Hur that Plaintiff required transportation to her medical appointments because she was "short of breath when walking a lot" and had "difficulty to walk long distances." (*Id*.).

The Court disagrees that the ALJ was obliged to conclude that these vague statements, unaccompanied by any further explanation, would be useful in assessing Plaintiff's RFC. *See Roe v. Colvin*, No. 1:13-CV-1065 GLS, 2015 WL 729684, at *4 (N.D.N.Y. Feb. 19, 2015) ("[A] physician's opinion which is so vague as to prevent the ALJ to bridge the gap between a claimant's impairments and the functional limitations that flow from those impairments is useless."). This is particularly true because the record already contained multiple medical opinions offering a functional assessment of Plaintiff's limitations, including one from Plaintiff's treating orthopedist. (*See, e.g.,* Dkt. 7 at 692-96). The ALJ's conclusion that the document at issue would not be helpful to him in

deciding Plaintiff's claim is not evidence that he failed to review the document or that he abused his discretion in applying the five-day rule.

Further, while it is true that "[t]he five-day rule does not eliminate the ALJ's duty to develop the record," *Shackleford v. Saul*, No. 3:19-CV-01278-TOF, 2020 WL 3888037, at *6 (D. Conn. July 10, 2020), the Court is unpersuaded by Plaintiff's argument that the ALJ violated that duty in this case. "Although the ALJ has an affirmative duty to develop the administrative record, the ALJ's obligation is not unlimited." *Myers ex rel. C.N. v. Astrue*, 993 F. Supp. 2d 156, 163 (N.D.N.Y. 2012). "The mere absence of some medical records is insufficient to show that the ALJ failed in her duty or that reversible error occurred." *Jason C. v. Berryhill*, No. 6:17-CV-01106 (TWD), 2019 WL 1409804, at *5 (N.D.N.Y. Mar. 28, 2019) (quotation and original alteration omitted). "Instead, the duty to develop the record is only triggered where there is a gap in the record precluding the ALJ from conducting an adequate assessment." *Kelvin B. v. Comm'r of Soc. Sec.*, No. 6:21-CV-06018 EAW, 2023 WL 1431637, at *7 (W.D.N.Y. Feb. 1, 2023). Here, the omission of the document in question did not create a gap in the record that precluded the ALJ from conducting an adequate assessment of Plaintiff's RFC. As previously noted, the record already contained multiple functional assessments of Plaintiff's limitations.

Finally, the ALJ was clearly within his discretion to determine that Plaintiff's claim to have "just found" this document was not good cause for the late submission. Plaintiff offered no details regarding prior efforts to locate or request the document at issue, which was more than a year old at the time of the hearing. For all these reasons, the Court does not find the ALJ's decision not to admit this document to constitute reversible error.

### B.  Treatment of NP Rowe's Opinion

Plaintiff's second and final argument is that the ALJ failed to incorporate into his RFC finding limitations identified by NP Rowe despite finding her opinion partially persuasive. The Court disagrees that the RFC finding fails to incorporate the relevant limitations.

NP Rowe completed a form on February 28, 2020, in which she opined in relevant part that Plaintiff had moderate limitations in "[c]oncentration, persist or maintain pace" and "[a]dapt or manage oneself." (Dkt. 7 at 702). The ALJ found this portion of NP Rowe's opinion persuasive. (*Id.* at 31). The ALJ also considered in detail the evidence of record regarding Plaintiff's mental health impairments, ultimately concluding that she was "capable of managing customary work pressures in an unskilled work setting." (*Id.*).

Plaintiff contends that the ALJ's limitation to "work involving only simple routine and repetitive tasks" does not account for NP Rowe's opinion that she has moderate limitations in adapting or managing oneself. However, "[i]t is well settled that a limitation to unskilled work sufficiently accounts for moderate limitations in work-related functioning[.]" *Lewis v. Comm'r of Soc. Sec.*, No. 1:18-CV-150-DB, 2019 WL 3321896, at *5 (W.D.N.Y. July 24, 2019); *see also Laura H. v. Comm'r of Soc. Sec.*, No. 21-CV-00213, 2023 WL 1767156, at *5 (W.D.N.Y. Feb. 3, 2023) ("[M]oderate limitations in mental work-related functioning do[] not significantly limit a plaintiff from performing unskilled work."); *Martinez v. Comm'r of Soc. Sec.*, No. 3:16-CV-0908 (WBC), 2017 WL 2633532, at *7 (N.D.N.Y. June 15, 2017) ("[T]he Second Circuit has held that moderate

limitations in work related functioning does not significantly limit, and thus prevent, a plaintiff from performing unskilled work." (collecting cases)).

The case cited by Plaintiff, *Jimmie E. v. Comm'r of Soc. Sec.*, No. 20-CV-0406-MJR, 2021 WL 2493337 (W.D.N.Y. June 18, 2021), is inapposite. There, the court acknowledged that "moderate to marked limitations can be consistent with a capacity to perform unskilled work," but remanded because the ALJ failed to "provide an explanation or discussion [of] how the assessed limitations impacted plaintiff's ability to perform simple, unskilled work." *Id.* at *5. By contrast, in this case, the ALJ explained in detail how he concluded that Plaintiff was able to perform unskilled work. (Dkt. 7 at 30-31). On the record before it, the Court finds no reversible error in the ALJ's consideration of NP Rowe's opinion.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 9) is granted and Plaintiff's motion for judgment on the pleadings (Dkt. 8) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: July 31, 2023
Rochester, New York